United States District Court
Southern District of Texas
**ENTERED**
September 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA DE LA CARIDAD BORI CABALLERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5329 |
| | § | |
| RANDY TATE, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM OPINION AND ORDER

Maria De La Caridad Bori Caballero ("Petitioner"), a citizen of Cuba, entered the United States without inspection on or about October 4, 2022.[1] On October 6, 2022, Petitioner was served with a Notice to Appear, charging her with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2] On June 16, 2026, Petitioner was taken into immigration custody, where she remains.[3]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her indefinite detention without a bond hearing violates due process.[4] Also pending

---

[1]Notice to Appear, Exhibit 1 to Motion to Stay and in the Alternative, Motion for Summary Judgment ("Respondent's MSJ"), Docket Entry No. 11-1, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 6; Respondent's MSJ, Docket Entry No. 11, p. 2.

[4]Habeas Petition, Docket Entry No. 1, pp. 6–7 ¶ 13.

before the court is Respondent's Motion for Summary Judgment (Docket Entry No. 11). Respondent argues that Petitioner is legally detained under § 1225(b)(2) because she is an applicant for admission.[5]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi,166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondent's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED,** and Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 21st day of September, 2026

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[5]Respondent's MSJ, Docket Entry No. 11, pp. 6–14.